IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WESLEY-EL, <br><br>          Plaintiff, <br><br>v. <br><br>JEFFREY A. BEARD, *Secretary of Corrections*; DORINA VARNER, *Chief Grievance Coordinator*; NICHOLAS SCHARFF, *Medical Director, Bureau of Health Care Services*; ALLEN B. FOGEL, *Director, Bureau of Health Care Services*; EUGENE GINCHEREON, *Assistant Medical Director, Bureau of Health Care Services*; GERALD L. ROZUM, *Superintendent, State Correctional Institution at Somerset*; HEIDI SROKA, *Supts. Asst. Facility Grievance Coordinator*; JOHN VISINSKY, *Correctional Health Care Administrator, Medical Staff*; DENNIS THOMAS, *R.N., Acting Correctional Health Care Administrator*; SYLVIA GIBSON, *Deputy, Program Review Committee*; STEVEN GLUNT, *Deputy, Program Review Committee*; ALLEN JOSEPH, *CCPM, Program Review Committee, Acting Facility Grievance Coordinator* <br><br>          Defendants. | Civil Action No. 09 - 285J <br><br>District Judge Kim R. Gibson <br>Magistrate Judge Lisa Pupo Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 24) be granted in part and denied in part. Sspecifically, the Motion should be granted as to Defendants Beard, Varner, Rozum, Sroka, Gibson, Glunt, and Joseph, and should be denied as to Defendants Scharff, Fogel, Ginchereau, Visinsky, and Thomas. It is further recommended that Plaintiff's Motions for

Partial Summary Judgment (ECF Nos. 43 and 46) both be denied as premature and as failing to comply with this Court's Local Rules.

## II. REPORT

Plaintiff, Daniel Wesley, an inmate presently incarcerated at the State Correctional Institution at Somerset, Pennsylvania, commenced this civil action against the following Defendants: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Dorina Varner, Chief Grievance Officer at the Office of Inmate Grievances and Appeals; Nicholas Scharff, Medical Director at the DOC Bureau of Health Care Services (BHCS); Allen B. Fogel, Director of BHCS; Eugene Ginchereau (improperly identified as Ginchereon on the docket), Assistant Medical Director at BHCS; Gerald L. Rozum, Superintendent at SCI-Somerset; Heidi Sroka, Superintendent's Assistant and Facility Grievance Coordinator at SCI-Somerset; Joseph (incorrectly identified in the Complaint at "John") Visinsky, former Corrections Health Care Administrator (CHCA) at SCI-Somerset; Denise (incorrectly identified in the Complaint as "Dennis") Thomas, Acting CHCA at SCI-Somerset; Sylvia Gibson, Deputy Superintendent at SCI-Somerset; Steven Glunt, Deputy Superintendent at SCI-Somerset; and Allen Joseph, Corrections Classification and Program Manager at SCI-Somerset. The Complaint alleges that these individuals denied his access to a colostomy reversal. Plaintiff claims that Defendants are liable pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants have filed a motion to dismiss (ECF No. 24). For the reasons that follow, the Motion to Dismiss should be granted in part and denied in part.

### A. Standard of Review

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly,

550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

The United States Court of Appeals for the Third Circuit has recently held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11 (citing Iqbal, 129 S.Ct. at 1949). "Second, a District Court must then determine whether the facts

alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1950).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a section 1983 action, the court must liberally construe a *pro se* litigant's pleadings and 'apply applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.' Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)). "Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). This was originally a reaction to the rule requiring heightened factual pleading in civil rights cases. *See id*. (citing Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985) (requiring district court to exercise their discretion to allow *pro se* plaintiffs to amend their claims to avoid dismissal)); *see also* Dist. Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986) (extending the *pro se* amendment rule to counseled complaints). This rule remains, and has been periodically affirmed, even after the Supreme Court's 1993 decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), which abrogated the

heightened pleading rule in civil rights cases. *See* Fletcher-Harlee Corp., 482 F.3d at 252 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

### B. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Moreover, it is well settled that in order to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also* Keenan v. Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

The Complaint purports to state a claim for deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments based on Defendants' alleged actions in denying his access to a colostomy reversal. In order to make out a prima facie case that a prison

official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Plaintiff's allegations can not support liability against the following Defendants: Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Dorina Varner, Chief Grievance Officer at the Office of Inmate Grievances and Appeals; Gerald L. Rozum, Superintendent at SCI-Somerset; Heidi Sroka, Superintendent's Assistant and Facility Grievance Coordinator at SCI-Somerset; Sylvia Gibson, Deputy Superintendent at SCI-Somerset; Steven Glunt, Deputy Superintendent at SCI-Somerset; and Allen Joseph, Corrections Classification and Program Manager at SCI-Somerset. Specifically, Plaintiff's allegations, construed liberally, do not support a finding that any of these Defendants would have had personal involvement in the claim alleged in the Complaint. Moreover, any attempt to allow Plaintiff to amend his complaint against these Defendants would be futile. Liability cannot be assessed against these Defendants as none of these individuals have any authority to make treatment decisions concerning Plaintiff's medical care. *See* Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by the prison doctors).

Although Plaintiff alleges some facts that indicate that these officials may have been aware of his medical concerns, Plaintiff can not assert liability against these Defendants due to their involvement in reviewing and/or affirming grievance decisions. First, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. Rode, 845 F.2d at 1208. Moreover, mere concurrence in a prison administrative appeal process does not implicate a constitutional concern. Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983) (holding that administrative review of prison disciplinary hearings is not constitutionally guaranteed and, therefore, plaintiff's claims with respect to the Program Review Committee's decision did not rise

7

to constitutional significance); Harmon v. Divirgilis, 2005 WL 387591 (E.D. Pa. Feb. 16, 2005) (there is no constitutional right to administrative review of prison disciplinary proceedings). While prisoners have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts, which is not compromised by the failure of the prison to address his grievances. Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1988) (Table).

The remaining Defendants are not entitled to dismissal of this action. Because this Court is required to allow Plaintiff the opportunity to file an amended complaint if such amendment would not be futile, *see* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), and the remaining Defendants may have been personally involved in his claims asserting denial of adequate medical care, it is recommended that the Defendants' Motion to Dismiss be denied as to these Defendants. Plaintiff will be given the opportunity to file an amended complaint, a stand alone document, that must contain, with appropriate specificity, all of his claims against the remaining Defendants.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 24) be granted in part and denied in part: specifically, the Motion should be granted as to Defendants Beard, Varner, Rozum, Sroka, Gibson, Glunt, and Joseph, and should be denied as to Defendants Scharff, Fogel, Ginchereau, Visinsky, and Thomas. It is further recommended that Plaintiff's Motions for Partial Summary Judgment (ECF Nos. 43 and 46) both be denied as premature and as failing to comply with this Court's Local Rules.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen

days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

                                              Lisa Pupo Lenihan
                                              U.S. Magistrate Judge

Dated: January 19, 2011

    Daniel Wesley
    GB-0430
    SCI Somerset
    1600 Walters Mill Road
    Somerset, PA 15510