IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WESLEY,<br><br>              Plaintiff,<br><br>v.<br><br>NICHOLAS SCHARFF, *Medical Director, Bureau of Health Care Services*; ALLEN B. FOGEL, *Director, Bureau of Health Care Services*; EUGENE GINCHEREON, *Assistant Medical Director, Bureau of Health Care Services*; JOHN VISINSKY, *Correctional Health Care Administrator, Medical Staff*; DENNIS THOMAS, *R.N., Acting Correctional Health Care Administrator*,<br><br>              Defendants. | Civil Action No. 09 - 285J<br><br>District Judge Kim R. Gibson<br>Magistrate Judge Lisa Pupo Lenihan |

## REPORT AND RECOMMENDATION

I.     RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 91) be denied.

II.     REPORT

Plaintiff, Daniel Wesley, an inmate presently incarcerated at the State Correctional Institution at Somerset, Pennsylvania, commenced this civil action against various individuals and/or agents employed with the Pennsylvania Department of Corrections (DOC) claiming that Defendants denied him access to a colostomy reversal and, therefore, are liable pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. On July 13, 2011, Plaintiff filed a Motion for Preliminary Injunction basically restating his allegations and requesting that DOC send him to an outside hospital for a serious operation. For the reasons that follow, the Motion should be denied.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the non-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious

2

or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994).

In his claim for preliminary injunctive relief, Plaintiff requests that this Court order DOC to send him to an outside hospital for a serious operation. Plaintiff's request for preliminary injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno, 40 F.3d at 653. "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 548 U.S. 521, 528 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motion. He simply states that he has been trying for over 2 years to have a colostomy reversal and the DOC has not accommodated this request. There is, however, no allegation of immediate harm to the level that is required for the Court to grant a preliminary injunction. Any injury Plaintiff may prove can be compensated with money damages. Accordingly, his motion for a preliminary injunction should be denied.

III. CONCLUSION

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 91) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

September 23, 2011

Daniel Wesley
GB-0430
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510