IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WESLEY, ) | |
| ) | Civil Action No. 09 - 285J |
| Plaintiff, ) | |
| ) | District Judge Kim R. Gibson |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| NICHOLAS SCHARFF, *Medical Director, Bureau* ) | |
| *of Health Care Services*; ALLEN B. FOGEL, ) | |
| *Director, Bureau of Health Care Services*; ) | |
| EUGENE GINCHEREON, *Assistant Medical* ) | |
| *Director, Bureau of Health Care Services*; JOHN ) | |
| VISINSKY, *Correctional Health Care* ) | |
| *Administrator, Medical Staff*; DENNIS THOMAS, ) | |
| *R.N., Acting Correctional Health Care* ) | |
| *Administrator*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

I.    <u>RECOMMENDATION</u>

It is respectfully recommended that Defendants' Motion for Sanctions (ECF No. 75) be

granted and that the Complaint be dismissed with prejudice against all Defendants.  It is further

recommended that Plaintiff's Motion for Partial Summary Judgment (ECF No. 73), Plaintiff's

Motion for Sanctions (ECF No. 88), and Defendants' Motion for Judgment on the Pleadings (ECF

No. 83) all be denied as moot.

II.    <u>REPORT</u>

Plaintiff, Daniel Wesley, an inmate presently incarcerated at the State Correctional Institution

at Somerset, Pennsylvania, commenced this civil action against various individuals and/or agents

employed with the Pennsylvania Department of Corrections (DOC) claiming that Defendants denied

him access to a colostomy reversal and, therefore, are liable pursuant to the Civil Rights Act of 1871,

42 U.S.C. § 1983.  On April 14, the remaining Defendants filed a Motion for Sanctions Pursuant to Rule 11 (ECF No. 75).  For the reasons that follow, the Motion should be granted and the Complaint should be dismissed with prejudice.

## A. Procedural History

The above captioned case was initiated by the filing of a Motion to Proceed *In Forma Pauperis* (ECF No. 1) on November 9, 2010, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court.

On August 10, 2010, Defendants filed a Motion to Dismiss the Complaint (ECF No. 24).  On February 22, 2011, the Court granted Defendants' Motion to Dismiss (ECF No. 24) as to Defendants Beard, Varner, Rozum, Sroka, Gibson, Glunt, and Joseph, and denied as to Defendants Scharff, Fogel, Ginchereau, Visinsky, and Thomas.  On April 15, 2011, Plaintiff filed a Motion for Partial Summary Judgment and a Brief in Support of that Motion (ECF Nos. 73, 74).  Attached to the Brief are two documents wherein Plaintiff forged the signatures of one of the Defendants and counsel for the Defendants in this matter.  Also, in typewritten font, he forged the names of the former Attorney General of the Commonwealth of Pennsylvania and the Chief of the Litigation Section of the Attorney General's office, as alleged witnesses to these forged signatures. The document at ECF No. 74-1 purports to be a settlement agreement between Plaintiff and  Defendant Thomas, witnessed by then Attorney General Thomas Corbett and counsel, agreeing to payment of $875,000.00  in settlement of Plaintiff's claims.  In response to this Motion, on April 15, 2011, Defendants filed a Motion for Sanctions pursuant to Fed. R. Civ. Proc. 11 (ECF No. 75) and Exhibits in Support (ECF.

No. 80).  The Exhibits contain declarations from Defendant Denise Thomas (fn.1) and Defendants' counsel Douglas Barbour attesting to the fact that neither individual signed the document that was submitted by Plaintiff in support of his case.  The declarations further provide that the date of the alleged signatures was a federal and state holiday and neither individual was at work on that date.

B.    Sanctions

Defendants seek dismissal of the lawsuit with prejudice on the basis that Plaintiff committed a fraud upon the Court.  The Court's ability to dismiss an entire action due to a fraud on the court may arise under various statutory rules, *see* Pope v. Federal Express Corporation, 138 F.R.D. 675, 681-683 (W.D. Mo. 1990) (discussing ability to dismiss action under Fed.R.Civ.P. 11, 26(g) and 41(b)) or under the inherent power of the court, *see* Derzack v. County of Allegheny, Pennsylvania, 173 F.R.D. 400, 412-413 (W.D.Pa.1996) (exhaustively listing cases wherein courts use their inherent power to curb misconduct when it constitutes fraud on court by dismissing action or entering other sanctions).  Thus, it is clearly settled that a district court "may dismiss a suit outright in response to litigation abuses." Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 n. 10 (3d Cir.1995) (citing Eash v. Riggins Trucking, Inc., 757 F.2d 557, 566 (3d Cir.1985) (*en banc*)). Regardless of the source of authority invoked, the Court of Appeals for the Third Circuit has held that district judges should determine the propriety of punitive dismissals in light of the factors outlined in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  *See, e.g.*, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992); Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 918–19 (3d Cir. 1992).

---

1 The Court notes that in the caption Plaintiff identifies Defendant Thomas as Dennis, however the proper name for the RN named in the complaint is Denise.

In <u>Poulis</u>, the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)     extent of the party's personal responsibility;

(2)     prejudice to the adversary;

(3)     a history of dilatoriness;

(4)     whether the conduct of the party or the attorney was willful or in bad faith;

(5)     effectiveness of sanctions other than dismissal; and

(6)     meritoriousness of the claim or defense.

In weighing the <u>Poulis</u> factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits.  <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 878 (3d Cir. 1984).  Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice.  <u>Mindek</u>, 964 F.2d at 1373 (holding that it is not necessary that all of the factors point toward a default before that sanction will be upheld).  Under these directives, this Court will analyze the present action to determine whether it should be dismissed based on Plaintiff's actions in submitting forged documents.

1.     <u>The Extent of the Party's Personal Responsibility</u>.

In consideration of the plaintiff's responsibility, the court notes that Plaintiff is proceeding *pro se*.  Thus, Plaintiff is solely responsible for the forged documents.  This factor favors dismissal.

2.     <u>Prejudice to the Adversaries and Impact on Integrity of Judicial System</u>

The type of prejudice that will support dismissal of an action for abuse of litigation tactics need not be irreversible and can consist of the extra costs of repeated delays in filing of motions necessitated by the improper behavior on the part of plaintiffs.  <u>Curtis T. Bedwell & Sons v. Int'l</u>

<u>Fidelity Ins. Co.</u>, 843 F.2d 683, 693–94 (3d Cir. 1988).    Plaintiff's actions have forced Defendants to expend time and energy to bring Plaintiff's actions to the Court in order to ensure that justice is served in this matter.  Thus, Defendants have suffered prejudice.

Where fraud on the court is the underlying misconduct upon which the district court is considering dismissal, the <u>Poulis</u> "prejudice" prong encompasses not only the prejudice to the litigants but also the impact on the judicial system and the threat to the integrity of the courts which cannot command respect if they cannot maintain a level playing field amongst the participants. <u>Derzack,</u> 173 F.R.D. at 414.  Thus, at least of equal, if not greater, importance in the fraud on the court context is the public interest in preserving the integrity of the judicial system. <u>Aoude v. Mobil Oil Corporation</u>, 892 F.2d 1115, 1118 (1st Cir. 1989).  As noted by the United States Supreme Court:

> . . .  tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant.  It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.

<u>Hazel–Atlas Glass Co. v. Hartford–Empire Co.</u>, 322 U.S. 238, 246 (1944), *overruled on other grounds*, <u>Standard Oil v. United States</u>, 429 U.S. 18 (1976).

Courts must ensure that litigants who avail themselves to the jurisdiction of the court conduct themselves within the orderly administration of justice and the rules of the court.  Although dismissal is a harsh sanction, it is proper for a district court to impose such a severe sanction "where the sanction is sufficient to deter repetition of the misconduct or to deter similar conduct by third parties." <u>Jimenez v. Madison Area Technical College</u>, 321 F.3d 652, 657 (7th Cir. 2003).  Thus, this factor also favors dismissal.

3.    <u>A History of Deleteriousness and Abuse</u>

Plaintiff has engaged in a pattern and practice of bad faith and lack of candor as well as

submitting falsified material to the Court.  Moreover, in his Response to Defendants' Motion, ECF No. 78,  rather than admit his forgery, Plaintiff clung to his unbelievable attestation that the signatures were genuine.  This factor also favors dismissal.  *Accord* Simmons v. Stockstill, Civil No. 10-2167, 2010 WL 3938193, 8 9 (C.D. Ill. Oct. 4, 2010) ("A party who repeatedly fails to follow procedure cannot be continuously forgiven, even if he is *pro se*."); REP MCR Realty, L.L.C. v. Lynch, 363 F.Supp.2d 984, 1012 (N.D. Ill. 2005) (dismissing case where party continued to perpetrate the fraud).

4.      Willfulness or Bad Faith

It is hard to imagine a more willful act than perpetrating a fraud on the court by submitting knowingly falsified documents.  This factor also favors dismissal.

5.      Alternative Sanctions

There are no alternative sanctions which would adequately punish Plaintiff for his actions. Imposing a monetary sanction on him clearly would be ineffective as he appears to be impecunious. Moreover, imposing a lesser sanction would be inadequate and hollow and would merely send the message that justice can be bought.  *See* Jimenez, 321 F.3d at 657; Aoude, 892 F.2d at 1119; Pope, 138 F.R.D. at 683 ("Permitting this lawsuit to succeed would be an open invitation to abuse the judicial process.  Litigants would infer they have everything to gain, and nothing to lose, if manufactured evidence merely is excluded while their lawsuit continues.  Litigants must know that the courts are not open to persons who would seek justice by fraudulent means."); Telectron, Inc. v. Overhead Door Corp., 116 F.R.D. 107, 130 (S.D. Fla. 1987) (collecting cases).  Thus, this factor clearly favors dismissal.

6.      Meritoriousness of the Claims and Defenses

A claim or defense is deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. Poulis, 747 F.2d at 869–70. Based on the information provided in pertinent pleadings, it does not appear that Plaintiff's complaint has any merit.

All six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed with prejudice. *Accord* Oliver v. Gramley, 200 F.3d 465 (7th Cir. 1999) (dismissal with prejudice for fraud on the court); Pope v. Fed. Express Corp., 974 F.2d 982, 984 (8th Cir. 1992) (upholding dismissal based on manufactured evidence and perjured testimony); Combs v. Rockwell Intern. Corp., 927 F.2d 486, *cert. denied*, 502 U.S. 859 (1991); Quela v. Payco-General Am. Creditas, Inc., Civil No. 99 1904, 2000 WL 656681, at *7 (N.D. Ill. May 18, 2000) ("Given the extreme importance of accurate and truthful discovery, our court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process."); Vargas v. Peltz, 901 F. Supp. 1572, 1579 (S.D. Fla.1995).

III.    CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendants' Motion for Sanctions (ECF No. 75) be granted and that the Complaint be dismissed with prejudice against all Defendants. It is further recommended that Plaintiff's Motion for Partial Summary Judgment (ECF No. 73), Plaintiff's Motion for Sanctions (ECF No. 88), and Defendants' Motion for Judgment on the Pleadings (ECF No. 83) all be denied as moot

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to

this report.  Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto.  Failure to timely file a response and/or objections will constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:  September 26, 2011

Cc:     Daniel Wesley
        GB-0430
        SCI Somerset
        1600 Walters Mill Road
        Somerset, PA 15510